UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| MOCA SYSTEMS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 13-10738-LTS |
| KEVIN F. BERNIER and PENLEY SYSTEMS, LLC., | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANTS'
MOTION TO DISMISS

November 12, 2013

SOROKIN, C.M.J.

The Plaintiff, MOCA Systems, Inc., has brought suit against the Defendants, Kevin F. Bernier (a former CEO of MOCA) and Penley Systems, LLC (a company founded by Bernier following the termination of his employment by MOCA). Docket # 1. MOCA alleges, inter alia, that Bernier improperly accessed MOCA's computer systems in order to make use of MOCA's confidential information and trade secrets for the purpose of competing with MOCA. Id., introductory paragraph. MOCA brings a claim for violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030, as well as nine claims based upon state law (including misappropriation of trade secrets, breach of contract, intentional interference with business relations, conversion, and commercial disparagement). Docket # 1.

The Defendants have moved to dismiss the Complaint. Docket # 13. For the following

1

reasons, the motion is DENIED WITHOUT PREJUDICE with respect to Count VI (for violation of the CFAA), and is otherwise DENIED.

Supplemental Jurisdiction

In a civil action in which the district court has original jurisdiction, it also has supplemental jurisdiction over all related claims that form part of the "same case or controversy." See 28 U.S.C. § 1367(a). The Court has jurisdiction where the state and federal claims derive from "a common nucleus of operative fact," and where a party would "ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

The Defendants first contend that the Court lacks jurisdiction over the state law claims because they do not arise from a common nucleus of operative facts shared with the only federal claim asserted (i.e., the CFAA claim). This is not so. Both the state law claims and the federal claim will require evidence of Bernier's authorized level of access to MOCA's information on its computers, the purposes for which he accessed it, the uses to which he put it, and the damages or consequences (if any) suffered by MOCA. It is difficult to envision the state law claims being tried without evidence being presented of Bernier's termination, his alleged retention of MOCA's computers, and his alleged use of information gleaned from them. The facts are interwoven, and judicial economy favors hearing the claims together. See Envisn, Inc. v. Davis, No. 11-12246, 2012 WL 1672887, at *3 (D. Mass. May 11, 2012) (Saylor, J.).

The Court may nevertheless in its discretion decline to exercise its supplemental jurisdiction over the state law claims "if those claims raise a novel or complex issue of State law, substantially predominate over Plaintiffs' federal question claims, all claims over which the

district court has original jurisdiction are dismissed, or if there are other compelling reasons for declining jurisdiction." Pacheco v. St. Luke's Emergency Assocs., P.C., 879 F. Supp. 2d 136, 143 (D. Mass. July 20, 2012) (Gorton, J.) (quoting Fox v. Lovas, No. 10-219, 2011 WL 1106760, at *2 (W.D. Ky. Mar. 23, 2011) (citing 28 U.S.C. § 1367(c))). "[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." Id. The Defendants contend that MOCA's state law claims "substantially predominate" and that, accordingly, the Court should decline to exercise its jurisdiction over them. The facts underlying the various state law claims, while perhaps more broad, overlap at this stage with the factual issues concerning Bernier's unauthorized access to MOCA's computers underlying the federal claim. Accordingly, the Court will exercise its supplemental jurisdiction.

Sufficiency of Pleadings

In addition to their jurisdictional arguments, the Defendants also move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss each of MOCA's claims as failing to state a claim upon which relief may be granted.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or

generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988) (internal quotation marks omitted)). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Iqbal, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. The Court's assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009) (quoting Iqbal, 556 U.S. at 663-64). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### CFAA Claim

The CFAA creates civil liability where a person "suffers damage or loss" by reason of a violation of the statute. 18 U.S.C. § 1030(g). A defendant is liable where he or she "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period." 18 U.S.C. § 1030(a)(4). The phrase "exceeds authorized access" is defined by the CFAA to mean, "to access a computer with authorization and to use such access to obtain or alter information in the

computer that the accesser is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6). The phrase "without authorization" is not defined by the statute. Courts applying the statute fall generally into two groups.

The Defendants urge the Court to follow the narrow construction of the term "authorization" as used in the CFAA. Judge Hillman recently found such a view of the statute "preferable," though he nonetheless declined to dismiss, deferring to summary judgment the question of whether the plaintiff could satisfy this standard. Advanced Micro Devices, Inc. v. Feldstein, No. 13-40007, 2013 WL 2666746, at * 3 (D. Mass. June 10, 2013); see also LVRC Holdings v. Brekka, 581 F.3d 1127 (9th Cir. 2009) (rejecting implicit limitation on authorization prohibiting use contrary to employer's interests).

The Plaintiffs press a broader interpretation of the term "authorization" encompassing, at least, any access beyond that authorized in the employment agreement (including authorization for purposes not permitted by the agreement). Judge Gorton followed this broader line of cases in rejecting a motion to dismiss. Guest-Tek Interactive Entm't, Inc. v. Pullen, 665 F. Supp. 2d 42, 45 (reading E.F. Cultural Travel BV v. Explorica, 274 F.3d 577 (1st Cir. 2001), as following a broad interpretation); see also Int'l Airport Ctrs., L.L.C. v. Citrin, 440 F.3d 418, 419 (7th Cir. 2006) (ruling "without authorization" includes access for non-work purposes after employee acquires interest adverse to employer or breaches duty of loyalty); Shurgard Storage Ctrs., Inc. v. Safeguard Self Storage, Inc., 119 F. Supp. 2d 1121, 1125 (W.D. Wash. 2000) (same).

Resolution of the pending motion, however, does not require the Court to determine which line of cases is better-reasoned, since the allegations in this Complaint differ materially from these cases and suffice under either standard. MOCA alleges that "[i]n the days after his

employment with MOCA was terminated, Mr. Bernier entered MOCA's office without authorization and took a company-owned computer." Docket # 1 at ¶ 29. MOCA further alleges that the computer, upon its return, "appeared to have been pilfered and altered," that information was "downloaded," and that Bernier "deleted significant amounts of information in an attempt to cover his tracks." Id. at ¶ 30. The Complaint's allegations support the reasonable inference that upon termination, MOCA stripped Bernier of all of his authorization to access its computers. Thus, the subsequent alleged access was "without authorization" under both the narrow and broad constructions of the statute, thereby stating a claim under the CFAA.

The Defendants' next contention, that the Plaintiffs have failed to plead that Bernier's conduct "diminished the completeness, useability or availability of data or information on Moca's [sic] computer system," is incorrect. MOCA alleges that Bernier "deleted significant amounts of information." Docket # 1 at ¶ 30.[1] MOCA's counsel stated at the hearing on the motion that it is prepared to amend the Complaint to add a factual allegation that it has spent $7,000 on a forensic review to determine the extent of the destruction. The proposed amendment cures any potential defect with respect to MOCA having merely alleged a general loss exceeding $5,000.

### State Law Claims

Finally, the Defendants challenge the sufficiency of the pleading of the state law claims, contending that not one is sufficiently pleaded to state a claim. A review of the Complaint reveals

---

[1] Contrary to the Defendants' contention, Danois v. i3 Archive, Inc. suggests that mere deletion of data can support a CFAA civil claim, provided that the cost of restoration or response exceeds five thousand dollars. See No. 11-3856, 2013 WL 3556083, at *28 (E.D. Pa. July 12, 2013) ("The defendants fail to point to any evidence that this effort cost more than $5,000, and so they have failed to demonstrate a genuine of issue of material fact that they have established [sufficient damages].").

that each count complies with Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The Defendants' assertions in this regard often conflate the ultimate burden of proof for MOCA's claims (the time for which has not yet arrived) with the present requirement of providing notice to the Defendants of the nature of the claims asserted and the grounds upon which they rest. In other instances, the Defendants have simply re-characterized MOCA's allegations in a manner that purportedly limits their liability.

For example, MOCA's Complaint identifies the conduct of Bernier supporting Count II (for breach of contract) as: "a. Divulging and/or using MOCA's Proprietary Information; b. Actively encouraging MOCA's employees and/or consultants to terminate their employment and/or engagement; and c. Actively encouraging MOCA's customers to terminate their contracts and/or business relationships." Docket # 1 at ¶¶ 45-47. Despite first reciting these same allegations, the Defendants then proceed to argue that the claim must be dismissed because the operative agreement (attached to the Complaint) does not prohibit Bernier from working for clients or customers after his termination. Docket # 14 at 23-24. Since MOCA has not alleged that Bernier breached the agreement by working for clients or customers after his termination, the Defendants' argument is irrelevant.

Similarly, the Defendants' arguments that non-competition agreements are not enforceable following a material change of working conditions absent the execution of a new agreement are likewise unavailing, since the Complaint alleges a confidentiality and non-solicitation agreement (and such an agreement is attached thereto as an exhibit). See Docket # 1 at ¶ 9; Docket # 1-1. Even assuming that the rule the Defendants cite with respect to non-disclosure agreements would

also apply to confidentiality and non-solicitation agreements (a point which the Defendants' briefing does not address), the question of whether any changes in the employment relationship would be sufficiently material to require execution of a new agreement is not evident from the pleadings, but rather would require factual development through discovery.

CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Docket # 13) is DENIED WITHOUT PREJUDICE with respect to Count VI (for violation of the CFAA), and is otherwise DENIED.

                                          SO ORDERED.

                                          /s / Leo T. Sorokin
                                        Leo T. Sorokin
                                        Chief United States Magistrate Judge